08-2587-ag
Lin v. Holder

BIA
Bain, IJ
A97 958 005

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of February, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        ROSEMARY S. POOLER,
        ROBERT A. KATZMANN,
                *Circuit Judges.*

_____

JING LIN,
      *Petitioner*,

      **v.**                     **08-2587-ag**
                               **NAC**

ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL,[1]
      *Respondent*.

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:          **Liu Yu, New York, New York.**

FOR RESPONDENT:          **Gregory G. Katsas, Assistant Attorney General; William C. Peachey, Assistant Director; Yamileth G. Handuber, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jing Lin, a native and citizen of the People's Republic of China, seeks review of a May 6, 2008 order of the BIA, affirming the December 5, 2006 decision of Immigration Judge ("IJ") Terry Bain, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Lin*, No. A97 958 005 (B.I.A. May 6, 2008), *aff'g* No. A97 958 005 (Immig. Ct. N.Y. City Dec. 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not

2

affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

As an initial matter, we do not presume that Lin is credible because, contrary to his argument, the BIA agreed with the IJ's adverse credibility findings, explicitly noting the implausibility of his testimony. *Cf. Zaman v. Mukasey*,514 F.3d 233, 237-38 (2d Cir. 2008) (concluding that the agency made an adequately "explicit credibility finding" even though the "the BIA's order does not explicitly tell us whether the IJ made an adverse credibility determination, neither does it indicate that the IJ's decision was anything else.").

Upon review of the administrative record, we find that substantial evidence supports the agency's adverse credibility determination, which was based, in part, on the implausibility of Lin's testimony. An adverse credibility determination may be based on the inherent implausibility of an applicant's testimony. *See Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir. 2005). We review

3

implausibility findings in the context of the entire record and "not whether each unusual or implausible feature of the account can be explained or rationalized." *Ying Li v. BCIS*, 529 F.3d 79, 82 (2d Cir. 2008). The point at which an implausibility finding "ceases to be sustainable as reasonable and, instead, is justifiably labeled 'speculation' . . . cannot be located with precision." *Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir. 2006). However, while "bald" speculation is an impermissible basis for an adverse credibility finding, speculation based on inference is not "bald" if the inference is "tethered to record evidence." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

Before the agency, Lin, who had no involvement with Falun Gong in China, claimed that he feared that police would arrest him immediately upon learning from a neighbor of his friend's arrest at a Falun Gong gathering. Lin asserted that he decided to flee China and indeed departed China with the assistance of a snakehead within twenty-four hours of his friend's arrest. Lin also claimed that, in the United States, he read a book on Falun Gong written by the

4

founder of the practice and practiced Falun Gong for at least two years. However, upon further questioning, Lin admitted that he did not know about the theory behind Falun Gong or how many movements were in the "one or two" Falun Gong exercises that he purportedly practiced.

The agency found Lin's story inherently implausible. In particular, the agency found it implausible that police would want to arrest Lin, noting that he failed to adequately explain why police associated him with his Falun Gong practitioner friend where he was not himself a Falun Gong practitioner, he knew little about his friend's practice, and his friend's corroborating letter did not indicate that Lin had been implicated during the arrest. *See Wensheng Yan*, 509 F.3d at 66-67. Moreover, ordinary experience supports the IJ's finding that Lin's ability to arrange to be smuggled from China to the United States and to depart China within twenty-four hours of his friend's arrest was implausible. Finally, while a credibility finding based on an applicant's lack of doctrinal knowledge may be erroneous, *see Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (rejecting "the rationale that a certain level of doctrinal knowledge is necessary in order to be eligible for

5

asylum" on account of a religious affiliation), the IJ did not err in finding that it implausible that Lin practiced Falun Gong in the United States and still "knows nothing" about Falun Gong, *see id.* (recognizing that there may be "instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding").  Because no reasonable fact finder would be compelled to reach a conclusion contrary to that of the agency, we will not disturb its implausibility finding.

Lin has failed to challenge the agency's corroboration finding, other than to argue incorrectly that the agency did not consider the fact that he practices Falun Gong in the United States.  Likewise, Lin does not challenge the IJ's other adverse credibility findings; accordingly, we deem any such arguments waived.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Ultimately, the IJ's adverse credibility determination was supported by substantial evidence.  *See Shu Wen Sun*, 510 F.3d at 379.  Thus, the agency reasonably denied Lin's

application for asylum and withholding of removal.[2]  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (recognizing that withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).  Finally, Lin has waived any challenge to the agency's denial of his application for CAT relief.  *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

For the foregoing reasons, the petition for review is DENIED.  Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]  Contrary to the government's argument, there is no indication that Lin waived his challenge to the agency's denial of his application for withholding of removal, where his brief explicitly states that he is challenging the agency's denial of such relief.  Furthermore, Lin's challenge to the agency's finding that he failed to demonstrate a well-founded fear of persecution includes a challenge to the agency's denial of his application for withholding of removal, where the agency denied such relief for his failure to satisfy the higher burden of proof for establishing eligibility for asylum, i.e., a well-founded fear of persecution.

7